**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA**

        **Plaintiff,**

v.                                                                              Case No: 6:21-cr-59-GAP-DCI

**WHAYNAME FERDILUS**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

On July 22, 2021, the Defendant filed an Unopposed Motion for a Hearing to Determine Competency. Doc. 27 (the Motion). In the Motion, the Defendant requested, "pursuant to 18 U.S.C. § 4241, [] a hearing to determine whether [the Defendant] is presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense and to order restoration services if [the Defendant] is found to presently be incompetent to proceed." Doc. 27 at 1. The government did not oppose that request. *Id*. Attached to the Motion (and under seal) was a report from Dr. Melvin Pagan-Gonzalez, who conducted a forensic evaluation of the Defendant and in his report expressed concerns about the Defendant's competency to proceed. Doc. 27-1.

Having reviewed the Motion and the report, the undersigned agreed that "there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense." § 4241(a).  Thus, the Court granted the Motion (Doc. 27) and, on August 12, 2021, held a competency hearing pursuant to 18 U.S.C. § 4241(c).

At the August 12, 2021 hearing, the parties agreed that the Defendant was not competent to proceed, and the Defendant proffered the report of Dr. Pagan-Gonzalez.  In that report, Dr. Pagan-Gonzalez opined that:

> Mr. Ferdilus' symptoms have not been treated previously, and it is expected that his symptoms can be managed with an appropriate trial of psychotropic medications. It is my opinion that there is a substantial probability his competency can be restored with treatment within a six-to-twelve-month period. As such, it is recommended Mr. Ferdilus be committed to the custody of the Attorney General for competency restoration.

Doc. 27-1 at 8.  Based that report and given the agreement between the parties, the Court found by a preponderance of the evidence that the Defendant was presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he was unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.  Doc. 32 at 2 (citing 18 U.S.C. § 4241(d)).  Accordingly, pursuant to the statute, the Court followed the

directive that "the court shall commit the defendant to the custody of the Attorney General" for restoration. *Id*.

On June 16, 2022, the government filed under seal a Forensic Report from Dr. Miriam Kissin, Psy.D. of the Federal Medical Center (FMC) Devins. Doc. 39. In her report, Dr. Kissin concluded that, after appropriate treatment with antipsychotic medications, the Defendant "does not suffer from a major mental illness that would preclude his ability to understand the nature and consequences of the proceedings against him or to properly assist in his defense." Doc. 39 at 13.

On August 24, 2022, the undersigned held a competency hearing. At the hearing, the government submitted as evidence the sealed forensic evaluation report of Dr. Kissin and asserted that the Defendant is competent to proceed based on the findings in that report. The defense then stipulated that the Defendant is competent to proceed, made no objection to Dr. Kissin's report or findings, and chose not to present any evidence on the issue of the Defendant's mental competency to proceed in this case.

Based on an independent review of Dr. Kissin's report and considering the Defendant's stipulation that he is competent to proceed, the undersigned respectfully **RECOMMENDS** that the Court find that the Defendant is competent to proceed in this case because the Defendant is **not** now suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the

nature and consequences of the proceedings against him or to assist properly in his defense.

## **NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. See 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

**Recommended** in Orlando, Florida on August 26, 2022.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE