UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 6:21-cr-59-GAP-DCI

WHAYNAME FERDILUS

### UNITED STATES' MOTION FOR SUPPLEMENTAL LANGUAGE IN CARJACKING JURY INSTRUCTION

The United States respectfully requests that the Court include supplemental instruction in the Carjacking Jury Instruction, specifically supplemental language related to "intent to cause death or serious bodily injury." The government's proposed instruction, attached hereto as Exhibit A, should be given to the jury at the close of evidence for the reasons stated below.

### BACKGROUND

On January 17, 2023, a jury was empaneled to decide this case. Evidence and testimony was presented over two days, which included testimony by the defendant. On January 18, 2023, a mistrial was declared after the jury was determined to be deadlocked.

It was clear from the jury notes in this case (Doc. 82) that the jury was deadlocked over the issue of "intent to cause serious physical injury or death." In fact, defense counsel solely focused on that element as the reason for why the defendant was not guilty. In summation, defense counsel did not contest the other elements of carjacking, but stated his client was not responsible because he did not form the

requisite intent. When the jury asked for a supplemental instruction on the meaning of intent, the Court read the definition of intent from Black's Law Dictionary (Court Ex. 2, Doc. 83). The government contends that such instruction was insufficient to explain the law as it relates to this specific offense.

Prior to commencement of trial, the parties submitted a Joint Proposed Jury Instructions. Doc. 67. However, the defense objected to this portion of the pattern jury instruction being included, which was requested by the government:

> The Government contends that the Defendant intended to cause death or serious bodily harm if the victim refused to turn over the car. If you find beyond a reasonable doubt that the Defendant had that intent, then the Government has proved this element of the crime.

The Court agreed with the defense and removed that instruction from the Court's final instruction to the jury. Doc. 78, pg. 11. The government submits that this instruction is part of the pattern jury instruction for cases identical to this case and that it is proper to give such an instruction here. We also submit, in light of the first trial and the issue of intent, additional instruction is warranted. Specifically, we submit the following instruction should be given based on the commentary from the Eleventh Circuit Pattern Jury Instruction:

> Intent to do bodily harm is not to be measured by the secret motive of the actor, or some undisclosed purpose merely to frighten, not to hurt, but rather is to be judged objectively from the visible conduct of the actor and what one in the position of the victim might reasonably conclude.

The defense objects to this additional instruction.

2

## MEMORANDUM OF LAW

The bracketed supplemental language requested by the government is part of the Eleventh Circuit Pattern Jury Instructions. In other trials for carjacking in this district, it is routinely given. *See*, Exhibit B, attached hereto.

With respect to the intent to cause death or serious bodily injury, the Supreme Court has held that the element is fulfilled even if the intent is conditional, that is, the defendant intended to do such harm only if the vehicle was not relinquished. *See Holloway v. United States*, 119 S.Ct. 966, 974 (1999).

The additional instruction requested by the government comes from the annotations and comments section of the pattern jury instruction. The language comes directly from Eleventh Circuit decisions on the issue of intent. Specifically, the pattern jury instruction states, in relevant part:

> "[t]he intent of the defendant 'is not to be measured by the secret motive of the actor, or some undisclosed purpose merely to frighten, not to hurt,' but rather 'is to be judged objectively from the visible conduct of the actor and what one in the position of the victim might reasonably conclude.'" *United States v. Guilbert*, 692 F.2d 1340, 1344 (11th Cir. 1982), *cert. denied*, 103 S. Ct. 1260 (1983) (quoting *Shaffer v. United States*, 308 F.2d 654, 655 (5th Cir. 1962) (per curiam)). *See United States v. Gibson*, 896 F.2d 206 (6th Cir. 1990) (citing *United States v. Guilbert* and explaining that "[a] defendant's state of mind is a question of fact, often determined by objective evaluation of all the surrounding facts and circumstances").

Here, it's clear that the defendant has taken a tactical position to defend this case whereby he admits to all of the elements of carjacking, except for the element that he formed the requisite specific intent to cause serious physical injury or death. However, the well-established caselaw in this circuit (and in other circuits) provides

that the jury is to evaluate the defendant's intent **objectively** from "**someone in the victim's position**." (*See*, Exhibit C, jury instructions from other circuits).

In the first trial of this case, the jury was understandably confused as to this element in light of the defendant's self-serving testimony that he lacked this intent. The jury should be given additional instruction requested here by the government to explain what the law truly means as to this element.

WHEREFORE the United States requests that this motion be granted and that the attached Modified Carjacking Jury Instruction be granted.

                                      Respectfully submitted,

                                      ROGER B. HANDBERG
                                      United States Attorney

By:   /s/ *Beatriz Gonzalez*
       Beatriz Gonzalez
       Assistant United States Attorney
       Florida Bar No. 0084214
       400 W. Washington Street, Suite 3100
       Orlando, Florida 32801
       Telephone:  (407) 648-7500
       Facsimile:   (407) 648-7643
       E-mail: Beatriz.Gonzalez2@usdoj.gov

U.S. v. Whayname FerdilusCase No. 6:21-cr-59-GAP-DCI

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2023, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Joshua Lukman, Esq.
Attorney for Defendant

/s/ *Beatriz Gonzalez*
Beatriz Gonzalez
Assistant United States Attorney
Florida Bar No. 0084214
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:  (407) 648-7500
Facsimile:   (407) 648-7643
E-mail: Beatriz.Gonzalez2@usdoj.gov